NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| QIAOXIA LI,<br><br>              Petitioner,<br><br>    v.<br><br>LORETTA E. LYNCH, Attorney General,<br><br>              Respondent. | No. 13-70474<br><br>Agency No. A099-062-643<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 26, 2016**

Before:      McKEOWN, WARDLAW, and PAEZ, Circuit Judges.

Qiaoxia Li, a native and citizen of China, petitions for review of the Board

of Immigration Appeals' ("BIA") order dismissing her appeal from the

immigration judge's decision denying her application for asylum and withholding

of removal.   Our jurisdiction is governed by 8 U.S.C. § 1252.   We review for

---

      *      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

      **      The panel unanimously concludes this case is suitable for decision
without oral argument.   *See* Fed. R. App. P. 34(a)(2).

abuse of discretion the BIA's denial of a motion to remand, *Romero-Ruiz v. Mukasey*, 538 F.3d 1057, 1062 (9th Cir. 2008), and we review for substantial evidence the agency's factual findings, *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion in denying Li's motion to remand. *See* 8 C.F.R. § 1003.2(c)(1) (evidence offered must not have been "available and could not have been discovered or presented at the former hearing"); *see also Romero-Ruiz*, 538 F.3d at 1062 ("The BIA abuses its discretion if its decision is arbitrary, irrational, or contrary to law.") (internal quotation and citation omitted).

Substantial evidence supports the BIA's determination that Li failed to establish past harm rising to the level of persecution, *see Gormley v. Ashcroft*, 364 F.3d 1172, 1176 (9th Cir. 2004) ("Persecution is "an extreme concept that does not include every sort of treatment [that] our society regards as offensive") (internal quotation and citation omitted), and the BIA's determination that Li failed to establish an objectively reasonable fear of future persecution on account of a protected ground, *see Pedro-Mateo v. INS*, 224 F.3d 1147, 1150 (9th Cir. 2000) (applicant bears the burden of establishing "by credible, direct, and specific

13-70474

evidence . . . facts that would support a reasonable fear of persecution.").

Because Li failed to establish eligibility for asylum, she necessarily cannot meet the more stringent standard for withholding of removal. *See Zehatye*, 453 F.3d at 1190.

We lack jurisdiction to consider Li's contentions regarding the agency's credibility analysis because she did not raise them to the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004) (court lacks jurisdiction to review issues not raised to the agency).

Finally, the 90-day stay of proceedings granted on February 23, 2015, has expired. Respondent's motion to lift the stay is denied as moot.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**